IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHARLETT WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV469 |
| | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| GLOBAL PAYMENTS RECOVERY SERVICES, INC. and LAW OFFICE OF BRADLEY J. REPHEN, P.C., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court *sua sponte* and pursuant to NECivR 41.1, which states in pertinent part: "The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." Further, Fed. R. Civ. P. 4(m) establishes the following time limit for service of process on the defendant in a civil case:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this case the complaint was filed on December 6, 2007. **See** Filing No. 1. Accordingly, the deadline for service of process expired **on or about April 4, 2008**. No summons has been issued and there is no proof of service of process on the defendant Law Office of Bradley J. Rephen P.C. Therefore, the plaintiff must make a showing of good cause for the failure of service or the action must be dismissed as against that defendant. Additionally, although the defendant Global Payments Recovery Services, Inc. filed an answer to the initial complaint, such defendant did not respond to the Amended Complaint, which was filed March 6, 2008. **See** Filing No. 17. It remains the plaintiff's duty to go forward in prosecuting the case by, for example, filing a motion for the Clerk's entry of default pursuant to Fed. R. Civ. P. 55 and NECivR 55.1(a) against defendants who have

been served but have not filed a timely answer. Therefore, the plaintiff must provide justification for failure to prosecute against Global Payments Recovery Services, Inc. or the action may be dismissed as against that defendant. Upon consideration,

**IT IS ORDERED:**

The plaintiff shall show cause why this case should not be dismissed for failure to prosecute either defendant. The showing of cause shall be filed electronically on or before the close of business **on April 25, 2008**.

Dated this 9th day of April, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

2