# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHARLETT WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV469 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GLOBAL PAYMENTS RECOVERY SERVICES, INC. and LAW OFFICE OF BRADLEY J. REPHEN, P.C., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendant Global Payments Recovery Services, Inc.'s Unopposed Motion to Set Aside Entry of Default (Filing No. 23). The defendant seeks to have the April 15, 2008 Clerk's Entry of Default (Filing No. 22) set aside based on the defendant's inadvertent failure to file an answer in response to the plaintiff's amended complaint. The defendant argues it had filed an answer to the initial complaint and has otherwise complied with scheduling deadlines. The defendant contends there is no delay, prejudicial or otherwise, caused by the inadvertent failure to answer. The defendant also states the plaintiff does not oppose the motion. Finally, the defendant argues this case is best resolved on the merits and the defendant has meritorious defenses as can be seen in its answer to the initial complaint. For these reasons, the defendant seeks to have the entry of default set aside and for leave to file an answer out of time.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Since the Clerk of Court has entered the defendant's default, but no judgment has been entered, the entry of default must now be set aside or judgment entered against the defendant. "Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." ***Johnson v. Dayton Elec. Mfg. Co.***, 140 F.3d 781, 783 (8th Cir. 1998); ***see also C-B Kenworth, Inc.***

*v. General Motors Corp.*, 129 F.R.D. 13, 14-15 (D. Me. 1990) (holding "assertion of default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer"). Furthermore, the court must determine whether good cause exists to deny default and allow the defendant to proceed on the merits. **See** Fed. R. Civ. P. 6(b), 55(c).

The court concludes the entry of default should be set aside. Here, the defendant has promptly sought to set aside the default. There is no indication the defendant has been dilatory with regard to other deadlines in this case. There is a second defendant in this matter who has not yet been served and the matter is not yet set for trial. Accordingly, it appears the defendant should be allowed to defend itself based on the merits of the action and it has caused no prejudicial delay to other parties. Upon consideration,

**IT IS ORDERED:**

1. Global Payments Recovery Services, Inc.'s Unopposed Motion to Set Aside Entry of Default (Filing No. 23) is granted.

2. The Clerk of Court shall set aside the entry of default.

3. The defendant Global Payments Recovery Services, Inc. shall have to **on or before April 23, 2008** to file an answer to the plaintiff's amended complaint.

Dated this 16th day of April, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge